SUMMARY ORDER

Petitioner Muhammad Zahid, a citizen of Pakistan, seeks review of a January 25, 2008 order of the BIA affirming the September 14, 2005 decision of Immigration Judge (“U”) Matthew J. D’Angelo denying Zahid’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Muhammad Zahid, No. A 79 076 800 (B.I.A. Jan. 25, 2008), affg No. 79 076 800 (Immigr. Ct. Hartford, CT, Sept. 14, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, because Zahid does not challenge the IJ’s determination that his asylum application was untimely in his brief to this Court, we deem any such challenge abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
*386 We find that the IJ’s adverse credibility determination was supported by substantial evidence. The IJ properly based his adverse credibility determination on his findings that: (1) Zahid’s testimony was inconsistent regarding ■ whether he was ever present when members of “a local Shia tribe” came to threaten or harm him; (2) his testimony that his brother-in-law was one of the individuals who came to harm him was undermined by his failure to include this information in his asylum application, the affidavit he submitted in support of his application, or the statements he made in police reports; (3) his testimony was inconsistent with his affidavit regarding his family’s whereabouts when he returned to the United States in 2001; and (4) Zahid’s testimony was “evasive, furtive, and fully non-responsive.” In addition, the IJ reasonably concluded that Zahid’s testimony about the incidents of persecution he allegedly experienced was inconsistent with his documentary submissions. For example, the police report Zahid submitted regarding a May 1992 incident indicates that he was threatened at home; however, he testified that his store was vandalized in May 1992 while he was not present. Because these inconsistencies and omissions concerned the central element of Zahid’s claim, they were plainly “material to his claim of persecution.” Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007) (en banc). Thus, the IJ properly relied on them as a basis for his adverse credibility determination. Furthermore, although Zahid was given the opportunity to explain the inconsistencies present in the record, the IJ reasonably rejected his explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Accordingly, the agency’s adverse credibility determination is supported by substantial evidence. Zhou Yun Zhang, 386 F.3d at 73. Because the only evidence of a threat to Zahid’s life or freedom depended on his credibility, the adverse credibility finding is fatal to both his withholding of removal and CAT claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.